IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| REYNALDO CONTRERAS,<br>       Plaintiff,<br>v.<br><br>STATE FARM LLOYDS<br>       Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. _____ |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

NOW COMES Defendant **STATE FARM LLOYDS, ("State Farm"),** files this Notice of Removal.

## I.
## PROCEDURAL BACKGROUND

1. This lawsuit concerns State Farm's alleged mishandling of an insurance claim for damages to a residential property on or about July 25, 2020. Reynaldo Contreras is the sole named insured on the relevant insurance policy.

2. On May 16, 2022, Plaintiff filed an Application for the Appointment of an Umpire in the County Court at Law No. 1 of Hidalgo County under cause number CL-22-1773-A. State Farm filed its Response to Plaintiff's Application for the Appointment of an Umpire, together with a general denial, on June 7, 2022. On April 12, 2023, Plaintiff filed his First Amended Petition, asserting—for the first time—causes of action for breach of contract, unfair settlement practices (bad faith), and prompt payment violations (the "State Court Action"). State Farm timely filed its Original Answer on May 5, 2023.

3.  This case was not removable upon the filing of Plaintiff's First Amended Petition based on a binding stipulation of damages signed by Plaintiff and his counsel, limiting his potential recovery to $74,999.00 or less.

4.  Plaintiff's original counsel moved to withdraw as counsel on June 28, 2023, and the court signed an order granting the motion to withdraw on July 27, 2023. On September 27, 2023, Plaintiff's current counsel made an appearance in the State Court Action. On October 4, 2023, Plaintiff's current counsel alleged, in open court, that Plaintiff did not agree to stipulate to damages, and Plaintiff's original counsel used "a fraudulent signature to stipulate to damages." Plaintiff's counsel further argued that the stipulation of damages on file in the State Court Action should not "be enforced because of that reason." State Farm requested a transcript of the October 4, 2023 hearing and received a copy of the transcript on October 6, 2023.

5.  State Farm's receipt of the hearing transcript constitutes "other paper" under 28 U.S.C. § 1446(b)(3). State Farm timely files this Notice of Removal pursuant to 28 U.S.C. § 1446 to remove the State Court Action from the County Court at Law No. 1 of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division.

## II.
## NATURE OF THE SUIT

6.  This lawsuit involves a dispute over alleged non-payment or underpayment of insurance benefits and the handling of Plaintiff's insurance claim. The First Amended Petition asserts causes of action against Defendant State Farm for breach of contract and violations of Chapters 541 and 542 of the Texas Insurance Code. *See* Plaintiff's First Amended Petition at ¶¶ 36-47. Plaintiff asserts State Farm acted knowingly and/or intentionally, and she seeks damages including actual damages, treble damages, punitive damages, exemplary damages, statutory interest, attorney's fees, and court costs. *See id.*

### III.
### BASIS FOR REMOVAL

7. The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiff and State Farm) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *Diversity of Citizenship*

8. At the time the First Amended Petition was filed, Plaintiff was and still is a resident and citizen of Texas. *See* Plaintiff's First Amended Petition at ¶ 2.

9. Defendant State Farm was at the time this action was commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm Lloyds a citizen of Illinois for diversity purposes. See *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). Therefore, there is complete diversity among the parties.

### *Amount in Controversy*

10. The amount in controversy requirement "is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The "summary judgment type evidence" must be provided "only when the plaintiff contests, or the court questions, the defendant's allegation" of federal jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014). The removing party bears the initial burden of showing that federal jurisdiction exists. *E.g., Ramirez v. Allstate Vehicle & Prop. Ins. Co.*, 490 F. Supp. 3d 1092, 1112 (S.D. Tex. 2020). When the removing party carries its burden, the party resisting removal "may avoid

removal by showing, to a legal certainty, that recovery will not exceed the jurisdictional threshold." *Id.* at 1113.

11. Where, as here, it is not apparent on the face of the petition whether the amount in controversy exceeds $75,000, the removing party can establish the amount in controversy requirement through factual allegations that are sufficient to demonstrate the requisite jurisdictional amount. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999). Courts within the Fifth Circuit "routinely consider presuit demand letters when evaluating amount in controversy." *Graf v. Chesapeake Energy Corp.*, No. 5:17-CV-75, 2018 U.S. Dist. LEXIS 239207, at *24 n.4 (S.D. Tex. 2018).

12. Here, Plaintiff did not provide presuit notice as required by Chapter 542A of the Texas Insurance Code. However, Plaintiff's current counsel asserted, in open court, that Plaintiff seeks more than $75,000.00 in this lawsuit. The amount in controversy requirement is therefore satisfied.

13. After State Farm meets its burden, the burden shifts to Plaintiff, who must show to a legal certainty that his recovery will not exceed $75,000 to avoid federal jurisdiction. Plaintiff asserts the binding stipulation of damages on file in the State Court Action is invalid because Plaintiff's signature in the stipulation of damages on file with the state court was "a fraudulent signature." State Farm asserts that the stipulation should be enforced, and Plaintiff should not be permitted to recover more than $74,999.00 in this lawsuit. However, based on Plaintiff's current counsel's assertions in open court challenging the validity of that stipulation, Plaintiff is unable to meet his burden to show he will not recover in excess of $75,000.00 *as a legal certainty*.

14. Based on the foregoing, the amount in controversy threshold is met in this case.

### IV.
### REMOVAL IS PROCEDURALLY CORRECT

15. This Notice of Removal is timely under 28 U.S.C. § 1446(b). Plaintiff filed his Application for Appointment of Umpire on May 16, 2022. The case stated by that pleading was not removable. State Farm was served with Plaintiff's First Amended Petition on July 18, 2023. The case stated by that

pleading was not removable. On October 4, 2023, Plaintiff's counsel asserted in open court that Plaintiff's former counsel use "a fraudulent signature" on the stipulation of damages, rendering it invalid. This was the first time that State Farm learned the case was removable. However, an oral statement is not "other paper" which starts the removal clock. On October 6, 2023, State Farm received the transcript from the October 4, 2023 hearing, which includes Plaintiff's counsel's assertion concerning the fraudulent signature. The 30-day removal clock in 28 U.S.C. § 1446(b)(3) therefore began to run on October 6, 2023.

16. Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

17. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action are attached herein to the Index of Matters Filed (Exhibits 1-A through 1-R).

18. Pursuant to 28 U.S.C. §1446(d), written notice of the filing of State Farm's Notice of Removal was promptly given to all parties and to the clerk of the County Court at Law No. 1 of Hidalgo County, Texas.

19. All documents required by Local Rule 81 to be filed with this Notice of Removal are attached herein to the Index of Matters Filed (Exhibit 1).

## V.
## PRAYER

State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm Lloyds also requests any additional relief to which it may be justly entitled.

Respectfully submitted,

By:  /s/ *Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu
Fed. ID No. 310028/State Bar No. 24013455
ecantu@ramonworthington.com
**RAMÓN WORTHINGTON**
**NICOLAS & CANTU, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
Phone: (956) 294-4800
Facsimile: 956-928-9564
Electronic Service to:
efile@ramonworthington.com
*ATTORNEY IN CHARGE FOR DEFENDANT*

**Of Counsel:**
Sofia A. Ramón
Fed. ID No. 20871/State Bar No. 00784811
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
**RAMÓN WORTHINGTON**
**NICOLAS & CANTU, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800
(956) 928-9564 – Fax
**Electronic Service to:**
efile@ramonworthington.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 6, 2023 a true and correct copy of the foregoing document was served to the following:

> Yusuf S. Ansari
> State Bar No. 24105047
> Hitesh K. Chugani
> State Bar No. 24066519
> **ANSARI LAW PLLC**
> 517 W. Nolana Ave.
> McAllen, Texas 78504
> T: (210) 355-6406
> yusuf@ansarilawpllc.com
> hkc@hkclawfirm.com
> **ATTORNEYS FOR PLAINTIFF**

/s/ *Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu